

Shannon D. Sims, OSB#072029
ATTORNEY AT LAW
3027 East Burnside #8
Portland, OR 97214
Telephone (503) 347-9635
sdslaw@gmail.com
Attorney for Plaintiff

FILED'10 JUL 6 10:00USDC-ORP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| EUNICE PAMFILE<br><br>　　　Plaintiff,<br><br>v.<br><br>ZWICKER & ASSOCIATES, P.C., a Massachusetts corporation, and **DOES 1-10**<br>　　　Defendants. | Case No. CV '10 772 KI<br><br>**COMPLAINT**<br>Fair Debt Collection Practices Act<br><br>**DEMAND FOR JURY TRIAL**<br><br>(Fair Debt Collection Practices, Unlawful Debt Collection Practices, Invasion of Privacy) |

## I. INTRODUCTION

1.　　Plaintiff files this Complaint against the Defendants. This is an action for actual and statutory damages brought by Plaintiff, Eunice Pamfile, against Defendants, Zwicker & Associates, P.C. and DOES 1-10 for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* and the Oregon Unlawful Debt Collection Practices Act, ORS § 649.639 *et seq.*, which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices, and for invasion of privacy.

Page 1 of 7 - COMPLAINT

24403

## II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Venue in this District is proper in that Defendants transact business in the State of Oregon, Plaintiff resides in the State of Oregon, and the conduct complained of occurred in the State of Oregon.

## III. PARTIES

3. Plaintiff Eunice Pamfile ("Pamfile") is a natural person residing in Portland, Oregon, County of Multnomah, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

4. Defendant, Zwicker & Associates, P.C. ("Zwicker"), is a Massachusetts corporation engaged in the business of collecting debts in this state with its principal place of business located at 80 Minuteman Road, Andover, Massachusetts. Zwicker is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) because it regularly uses the mail and/or telephone in the collection of debts from consumers, and it was acting in this capacity as to the consumer debt it attempted to collect from Pamfile.

5. Zwicker can be served with process by serving its registered agent, CT Corporation Systems, Inc., at 388 State Street, Suite 420, Salem, Oregon 97301.

6. DOE Defendants 1-10 are individuals believed to be engaged as "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6) because they regularly use(s) the mail and/or telephone in the collection of debts from consumers, and they were acting in this capacity as to the consumer debt they attempted to collect from the plaintiff. The identities of said parties have yet to be uncovered; however such identities are expected to be uncovered by knowledge gained in fact discovery.

## IV. FACTUAL ALLEGATIONS

7. Defendants have continually engaged in harassing conduct in attempting to collect this alleged debt. Some of these activities are detailed below.

8. This conduct has been a continual and intentional process and is in violation of state and federal law.

9. Ms. Pamfile is a home healthcare provider. In that capacity she provides healthcare for individuals in her home. Harassment by Zwicker interrupted her work on numerous occasions.

10. Ms. Pamfile has an alleged consumer debt that was placed with Zwicker for collection on or about October of 2009.

11. Ms. Pamfile made payments through Zwicker for several months, however she had to discontinue such payments due to economic hardship.

12. Ms. Pamfile advised Zwicker that she could not make payments at the level she had been making.

13. Although fully aware of her circumstances, Zwicker continually called Ms. Pamfile. When she was still unable to make a payment, Zwicker increased the harassment.

14. Zwicker would contact or attempt to contact her many times a day. At first the calls were on her land line telephone, however they eventually tricked another individual into providing Ms. Pamfile's cell phone number.

15. In the spring of 2010, Ms Pamfile traveled to her mother-in-law's house in Phoenix to tend to a family health emergency. Unable to harass Ms. Pamfile on her land line, personnel at Zwicker deceived Ms. Pamfile's substitute caregiver, Olimpia Cristurean, into providing Ms. Pamfile's cell phone number.

16. Ms. Cristurean was told by Zwicker personnel that it was an emergency and that they had to get in touch with Ms. Pamfile immediately.

17. Alarmed, Ms. Cristurean provided the number. Zwicker then extended their harassment of Ms. Pamfile to the cell phone. In fact, while Ms. Pamfile was in Arizona, Zwicker contacted her before 6:00 am. This greatly exacerbated the stress Ms. Pamfile was suffering as a result of the family medical emergency.

18. Zwicker's conduct in contacting Ms. Pamfile at such times and in such a manner constitute an unreasonable and highly offensive intrusion into her seclusion.

19. Since Zwicker became active on this account, they have engaged in a pattern of intentional and malicious abuse. As a result of this conduct, Ms. Pamfile has suffered stress, anxiety, embarrassment, anger and emotional distress. Moreover, her business has suffered, as Zwicker has continually contacted her or attempted to contact her. These continual efforts were solely for the purpose of harassment.

## V. FIRST CLAIM FOR RELIEF

### (Fair Debt Collection Practices Act)

20. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

21. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    a) Defendants, through its representatives, violated 15 U.S.C. 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff.

b) Defendants, through its representatives, violated 15 U.S.C. 1692d by causing Plaintiff's phone to ring repeatedly and seeking to engage her in multiple conversations.

c) Defendants, through its representatives, violated 15 U.S.C. 1692c(a)(1) by contacting or attempting to contact Plaintiff at unusual times.

d) Defendants, through its representatives, violated 15 U.S.C. 1692c(a)(3) by contacting or attempting to contact Plaintiff at her place of employment.

e) Defendants, through its representatives, violated 15 U.S.C. 1692c(b) by discussing the alleged debt with others.

22. As a result of the foregoing violations of the FDCPA, Plaintiff suffered embarrassment, humiliation, worry, agitation, and emotional distress. Defendants are liable to Plaintiff for a declaratory judgment that Defendants' conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney's fees.

## VI. SECOND CLAIM FOR RELIEF

### (Unlawful Debt Collection Practices Act)

23. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

24. Defendants violated the Oregon UDCPA. Defendants' violations of the UDCPA include, but are not limited to, the following:

a) Defendants, through its representatives, violated ORS § 649.639(2)(d) by communicating with the Plaintiff in an abusive manner.

b) Defendants, through its representatives, violated ORS § 646.639(2)(e) by communicating with the Plaintiff at times known to be inconvenient to the Plaintiff;

25. As a result of the foregoing violations of the Oregon UDCPA, Plaintiff suffered embarrassment, humiliation, worry, agitation, and emotional distress. Defendants are liable to Plaintiff for actual damages, statutory damages, and costs and attorney's fees.

## VII. THIRD CLAIM FOR RELIEF

### (Invasion of Privacy)

26. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

27. Defendants invaded the privacy of the Plaintiff by intruding upon her seclusion.

28. Defendant's intentionally intruded upon the Plaintiff's seclusion.

29. This intrusion was highly offensive to the Plaintiff as it would be to any reasonable person.

30. As a result of this intentional and highly offensive intrusion, Plaintiff suffered embarrassment, humiliation, worry, agitation, and emotional distress. Defendants are liable to Plaintiff for actual damages.

WHEREFORE, Plaintiff respectfully request that judgment be entered against Defendants for the following:

    A. Declaratory judgment that Zwicker has violated the FDCPA;

    B. Actual damages pursuant to 15 U.S.C. § 1692k;

    C. Actual damages pursuant to ORS § 646.641(1);

    D. Actual damages for invasion of privacy;

E. Statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k;

F. Statutory damages of $200.00 pursuant to ORS § 646.641(1);

G. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and ORS § 646.641(2); and

H. For such other and further relief as the court may deem just and proper.

Respectfully submitted this 2nd day of July 2010,

Shannon D. Sims, OSB #072029
Attorney At Law
3027 East Burnside #8
Portland, OR 97214
Telephone (503) 347-9635
sdslaw@gmail.com
**Attorney for Plaintiff**

### DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

Attorney for Plaintiff